# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PAULETTE DAWN HATHAWAY,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL[1],<br>Acting Commissioner of Social Security,<br><br>Defendant. | 3:19-cv-00135-CLB<br><br><br><u>**ORDER**</u> |

This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Paulette Dawn Hathaway's ("Hathaway") application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Currently pending before the court is Hathaway's motion for reversal or remand. (ECF No. 16.) In this motion, Hathaway seeks the reversal of the administrative decision and remand for an award of benefits. (*Id.*) The Commissioner filed a response and cross-motion to affirm (ECF No. 18/19), and Hathaway filed a reply (ECF No. 20). Having reviewed the pleadings, transcripts, and the Administrative Record ("AR"), the court concludes the Commissioner's finding that Hathaway could perform past relevant work was supported by substantial evidence. Therefore, the court denies Hathaway's motion for remand, (ECF No. 16), and grants the Commissioner's cross-motion to affirm, (ECF No. 18).

**I.   STANDARDS OF REVIEW**

   A.   <u>Judicial Standard of Review</u>

This court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854

---

[1]   Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

(9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action ... brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza,* 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B. Standards Applicable to Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or

combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.1 If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in

accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

After making the RFC determination, the ALJ must then turn to step four in order to determine whether the individual has the RFC to perform her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Past relevant work means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.    CASE BACKGROUND**

A.    Procedural History

Hathaway applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on February 24, 2014 with an alleged disability onset date of August 1, 2013. (Administrative Record ("AR") 214-222, 223-229.) The application was denied initially (AR 142-143), and upon reconsideration (AR 144-149). Hathaway subsequently requested an administrative hearing. (AR 150-151.)

On October 16, 2017, Hathaway and her attorney appeared at a hearing before an Administrative Law Judge ("ALJ"). (AR 35-74.) A vocational expert ("VE"), also appeared at the hearing. (*Id.*) The ALJ issued a written decision on January 9, 2018, finding that Hathaway was not disabled because she could perform past relevant work. (AR 12-34.) Hathaway appealed, and the Appeals Council denied review on January 7, 2019. (AR 1-6.) Accordingly, the ALJ's decision became the final decision of the Commissioner. Having exhausted all administrative remedies, Hathaway filed a complaint for judicial review on March 8, 2019. (ECF No. 1.)

B.     ALJ's Decision

In the written decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 15-26.) Ultimately, the ALJ disagreed that Hathaway had been disabled from August 1, 2013, the date the application was filed. (*Id.* at 25.) The ALJ held that, based on Hathaway's RFC, age, education, and work experience, she could perform past relevant work as generally performed in the national economy. (*Id.* at 24-25.)

In making this determination, the ALJ started at step one. Here, the ALJ found Hathaway had not engaged in substantial gainful activity since the alleged onset date of August 1, 2013. (*Id.* at 17.) At step two, the ALJ found Hathaway had the following severe impairments: multiple sclerosis ("MS"), osteoarthritis in the bilateral knees, status post bilateral knee replacement surgeries, lumbago, trigeminal neuralgia, and obesity. (*Id.*) At step three, the ALJ found Hathaway did not have an impairment or combination of impairments that either met or medically equaled the severity of those impairments listed in 20 C.F.R. Part 404, Subpart P, Appx. 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. (*Id.* at 18.)

Next, the ALJ determined Hathaway had an RFC to perform sedentary work as defined by 20 C.F.R. §§ 404.1567(a) and 416.967(a) except:

> she is limited to standing and/or walking four hours, sitting six hours in an eight-hour workday and lifting and/or carrying 15 pounds or less. She is limited to occasional performance of postural activities, including balancing,

stooping, kneeling, crouching, and climbing ramps and stairs; however, she is precluded from crawling and climbing ladders, ropes, and scaffolds. She must avoid concentrated exposure to vibration, hazards, including dangerous moving machinery and unprotected heights, and pulmonary irritants, including fumes, dust, gases, odors, and poorly ventilated areas. She is limited to occasional speaking.

(*Id.* at 19.)

The ALJ found Hathaway's impairments could reasonably be expected to cause some of the symptoms alleged, but that her statements regarding the intensity, persistence, and limiting effects of those symptoms were not entirely credible. (*Id.*) In reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence, medical opinions, and factors weighing against Hathaway's credibility. (*Id.* at 19-24.) The ALJ then determined that Hathaway was capable of performing past relevant work as a bookkeeper and a claims clerk, which did not require the performance of work-related activities precluded by her RFC. (*Id.* at 24-25.)

Although the ALJ determined Hathaway could perform past relevant work and would therefore not be considered disabled, he continued to step five to determine whether other work was available. (*Id.*) Relying on the testimony of the VE, the ALJ determined that Hathaway's age, education, past relevant work experience, and RFC would allow her to perform occupations existing in significant numbers in the national economy, such as: typist, receptionist, and general clerk. (*Id.* at 25.) Accordingly, the ALJ held that Hathaway had not been under a disability since August 1, 2013 and denied her claim. (*Id.*)

### III. ISSUE

Hathaway seeks judicial review of the Commissioner's final decision denying her DIB and SSI under Titles II and XVI of the Social Security Act. (ECF No. 16.) Hathaway raises a single issue for this court's review: whether the ALJ properly rejected Hathaway's testimony concerning pain, symptoms, and level of limitations.

//
//
//

## IV. DISCUSSION

### A. The ALJ Articulated Clear and Convincing Reasons for Rejecting Hathaway's Testimony

Hathaway argues that the ALJ failed to articulate a single, clear and convincing reason supported by substantial evidence for rejecting her allegations of pain, symptoms, and level of limitation, instead improperly relying on daily activities and cherry picking objective medical evidence. (ECF No. 16 at 10-23.)

By contrast, the Commissioner argues the ALJ provided valid bases for finding Hathaway not fully credible. (ECF No. 18 at 3-7.) Specifically, the Commissioner highlights the ALJ's discussion of the objective medical evidence, effectiveness of treatment, and Hathaway's activities of daily living. (*Id.*)

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks and citation omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez*, 572 F.3d at 591 (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154m 1163 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility

determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.").

In making an adverse credibility determination, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and her conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and, (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

A review of the record shows the ALJ provided specific, clear, and convincing reasons for finding Hathaway's statements concerning the intensity, persistence, and limiting effects of her symptoms less than credible.

i. *Objective Medical Evidence*

Subjective testimony cannot be rejected solely because it is not corroborated by objective medical findings, but medical evidence is a relevant factor in determining the severity of a claimant's impairments. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *see also Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ relied on objective medical evidence that supports the RFC rather than Hathaway's allegations of pain. Although an ALJ cannot cherry pick objective medical evidence from the record, they can consider contrary objective medical evidence in making a credibility determination. Here, the ALJ provided a thorough summary of the medical evidence in which he highlighted specific objective findings that support the assigned RFC. (AR 20.) As to Hathaway's MS and associated trigeminal neuralgia, the ALJ noted that relevant clinical examination findings showed unremarkable and unassisted gait, intact sensation to her face and throughout all her extremities, and full strength throughout. (*Id.*) The ALJ noted that Hathaway had no reported flare up of her MS from 2002 through 2017. (*Id.*) Her headaches were resolved with a jar realignment and Hathaway testified that medication helped somewhat. (*Id.*) As to Hathaway's knee impairments, the ALJ discussed Hathaway's two knee surgeries and improvement experienced as a result of the surgeries. (*Id.*) The ALJ noted post-surgery treatment included physical therapy and

opioid pain medications. (*Id.*) With respect to Hathaway's spinal impairment, the ALJ discussed image findings showing minimal anterolisthesis at the L4-L5 level and minimal scoliosis, and relevant clinical examination findings showing generally unremarkable gait, full strength throughout, and negative straight leg raise testing. (*Id.*) The ALJ also noted conservative treatment including ice, heat, rest, and chiropractic adjustments. (*Id.*) A review of the record reflects that Hathaway often had normal clinical examinations and was managing her symptoms and pain well with medication and mostly conservative treatment. (*See e.g.,* AR 403, 470-74, 484, 615, 627, 633, 643, 664, 670, 675, 682, 695, 698-700, 830, 832-33, 900, 906, 908, 911.) Additionally, the ALJ assigned a reduced RFC with postural and environmental limitations.

Further, the ALJ found that Hathaway's symptoms improved with medication and prescribed treatment and that the medical records did not support the degree of severity. (AR 20.) An impairment that can be effectively controlled with treatment is not disabling. *Warre v. Comm'r, Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Further, while subjective pain testimony may not be rejected solely because it is not corroborated by objective medical findings, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effect. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2). As discussed above, the ALJ cited a number of medical records supporting the conclusion that Hathaway's physical health improved with the prescribed treatment and Hathaway is not as disabled as alleged. (AR 20.) This constitutes substantial evidence supporting clear and convincing reasons for the negative credibility finding.

Hathaway argues the ALJ misinterpreted the records. (ECF No. 16 at 12-20.) Hathaway argues for another interpretation of the evidence but does not establish that the ALJ erred in fact or law in analyzing the evidence. The ALJ, not this court, is responsible for reviewing the evidence and resolving conflicts or ambiguities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Where evidence is susceptible to more than one interpretation, the ALJ's conclusion must be

upheld. *Burch*, 400 F.3d at 679. As a result, evidence of improvement with treatment and objective evidence reflecting a lesser degree of symptoms than alleged was properly considered by the ALJ and these are clear and convincing reasons supported by substantial evidence for rejecting Hathaway's credibility.

    ii.    *Daily Activities*

An ALJ may discredit a claimant's testimony when he reports participation in everyday activities indicating capacities that are transferable to a work setting. *See Molina*, 674 F.3d at 1112-13; 20 C.F.R. § 404.1529(c)(3)(i). Further, the inconsistency between a claimant's alleged symptoms and her daily activities, is sufficient to support a finding that a plaintiff was not entirely credible. *See Lingenfelter*, 504 F.3d at 1040 (in determining credibility, an ALJ may consider "whether claimant engaged in daily activities inconsistent with alleged symptoms"). Specifically, daily activities may be grounds for discrediting a claimant's testimony when a claimant "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferrable to a work setting." *Fair v. Brown*, 885 F.2d 597, 603 (9th Cir. 1989). Even when such activities suggest some difficulty functioning, the ALJ may discredit a claimant's testimony to the extent they contradict claims of a totally debilitating impairment. *See Turner*, 613 F.3d at 1225.

Here, the ALJ also found Hathaway less credible because the account of her daily activities was inconsistent with her alleged limitations. (AR 20); *see Tommasetti*, 533 F.3d at 1039 (inconsistency between a claimant's alleged symptoms and her daily activities may be a clear and convincing reason to find a claimant less credible). In a March 27, 2014, Function Report, Hathaway stated she could do household chores including doing laundry, washing dishes, wiping down counters, preparing simple meals, driving short distances, shopping for groceries two to three times per week, going outside daily, researching on the computer, while also managing her personal care tasks and finances. (AR 287-290.) Additionally, at the hearing, Hathaway testified to a fair level of activities, including independently providing for her personal care, preparing simple meals,

performing light household chores, shopping in stores, and driving short distances (up to an hour). (AR 44, 49-50.) Based on these findings, the ALJ determined Hathaway's subjective symptom testimony was inconsistent with her alleged impairments. (AR 20.)

Hathaway argues that the mere fact she can perform certain limited activities is an improper reason for rejecting her testimony. (ECF No. 16 at 20-21.) However, such activities, even if not by themselves indicative of an ability to work, were inconsistent with her claims of extreme limitation. *See Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 693 (9th Cir. 2009) (although daily activities did not show that the claimant could work, "it did suggest that Valentine's later claims about the severity of his limitations were exaggerated"). Therefore, the court finds the ALJ provided "specific, clear and convincing" reasons supported by substantial evidence for discounting Hathaway's credibility as to her subjective limitations. *See Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1991) (holding that an indication a claimant is able to take care of personal needs, prepare meals, do easy housework, and shop for groceries can be seen as inconsistent with a condition precluding all work activity).

Based on the above, the court finds that the ALJ provided specific, clear, and convincing reasons for declining to credit Henderson's testimony, and his credibility finding is supported by substantial evidence. *See Fair*, 885 F.2d at 604 ("Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation of excess pain, and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision.") Accordingly, the court finds and concludes that the ALJ's decision is supported by substantial evidence.

## V. CONCLUSION

Having reviewed the Administrative Record as a whole, and weighing the evidence that supports and detracts from the Commissioner's conclusion, the court finds the ALJ decision was supported by substantial evidence. The court therefore denies Hathaway's motion to remand (ECF No. 16), and grants the Commissioner's cross-motion to affirm (ECF No. 18).

## VI. ORDER

**IT IS THEREFORE ORDERED** that Hathaway's motion for remand (ECF No. 16) is **DENIED**, and the Commissioner's cross-motion to affirm (ECF No. 18) is **GRANTED**; and;

**IT IS FURTHER ORDERED** that the Clerk **ENTER JUDGMENT** and **CLOSE THIS CASE**.

**DATED**: February 20, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**